Wyly, J.
This action is instituted against defendant as an endorser, to recover 552,249 35, the balance due on the note of T. Coopwood and S. C. McThurson, for 556,150, due 1st Deoember, 1860, drawn to defendant’s order, and by him endorsed, and transferred after due.
Plaintiff's are the holders of the paper, and they allege in tlieir petition that “at the time of its transfer as aforesaid, said note was long past due, and required no protest, as it matured in the hands of said O. C. Pickett, the endorser, ” etc.
It was admitted by the counsel of both parties in open court, on the trial in tho District Court, “ that the note sued on was given by defendant to Charles Hall after its maturity, as set forth in the answer on file, and that it was transferred by Hall to the present plaintiffs, Eoquest & Gilkinson.”
The District Judge rendered judgment in favor of defendant, with costs, and plaintiffs have appealed.
The question presented for our consideration is, whether the endorser of a note, after maturity, can be held liable when there is no evidence of a demand of payment of the makers, and when there is no notice of nonpayment given to him. Is he conditionally or unconditionally bound by the endorsement?
It is laid down in elementary law that, “ although a note remains negotiable after it has been dishonored, still, in one sense, the endorsement and transfer of a note overdue is a renewal of the instrument, which is then declared by law payable within a reasonable time, upon demand, and the endorser is bound only upon the same condition of demand upon the drawer, and notice of non-payment as any other endorsement.” See Edwards on Bills and Promissory Notes, p. 261.
This same question was presented to this Court, in the case of Hugh McCall v. Simon Witkowski, reported in 16 A. 179; and the doctrine is there clearly settled, that the transferrer of a note overdue, is not a guarantor, but simply an endorser, whose liability is conditional.
This Court further remarked in that case, that “the defendant, if viewed as a transferrer of a debt, only warranted the existence of the debt at the time of the transfer.”
*547 We cannot perceive the force of plaintiff’s argument, that defendant is unconditionally liable because he did not add the words “ without recourse” to his endorsement.
Nor do we recognize the applicability to this question of conditional or unconditional obligation, the principle of equity invoked by plaintiffs, that no person should be permitted to enrich himself at the expense of another.
We have not been able to discover, in the argument of plaintiff’s counsel, any sufficient reason to depart from the well-settled principle of commercial law, and the decision by our predecessors on this subject. The defendant cannot be held liable in this case.
Judgment affirmed.